IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YERA BASNUEVA, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil Action No. JKB-23-0833 |
| SGT. MALLOW, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Yera Basnueva filed this civil rights action alleging that he was assaulted at North Branch Correctional Institution ("NBCI") by Defendants Sgt. Mallow, Sgt. Smith, and Corporal Raley and suffered a broken jaw.[1] (*See generally* ECF No. 1.) In response, Defendants move to dismiss Basnueva's Complaint, or in the alternative, for summary judgment in their favor. (ECF No. 13.) Basnueva has not filed a reply to the Motion. The Court finds that the matter has been fully briefed and a hearing is unnecessary. *See* Local Rule 105.6. (D. Md. 2023). For the reasons stated below, Defendants' Motion, construed as a motion to dismiss, will be denied, and Defendants will be directed to file an answer.

I. Background

Basnueva alleges that on May 16, 2022, he was "physically assaulted" by the Defendants "after having his Skype visit terminated." (ECF No. 1 at 2.) He explains that he was "transported by named defendants to a holding cage in housing unit 1 . . . and [was] punched in his face by" Sgt. Mallow "after just being held in a position, that tore a muscle by transporting officers (Sgt.

---

[1] Defendant "Ralley" filed a declaration with the spelling of his last name as "Raley." (ECF No. 13-4 at 2.) Defendant "Mallowe" has filed a declaration with the spelling of his last name as "Mallow." (ECF No. 13-6 at 2.) The Clerk will be directed to revise the caption on the docket to correct the spelling of the last names of these defendants to Raley and Mallow.

Mallow[], Sgt. Smith and Corporal)." (*Id.* at 2–3.) Basnueva further explains that he was transported to the University of Maryland Medical Center on May 18, 2022, and that he received medical treatment for a broken jaw. (*Id.* at 3.) He brings an Eighth Amendment claim against the Defendants. (*Id.*) He seeks nominal damages, punitive damages, compensatory damages, and an injunction ordering the Defendants "to stay away from" Basnueva and the transfer to another facility. (*Id.* at 4.)

With their Motion—which was styled as a motion to dismiss or, in the alternative for summary judgment—Defendants submit various pieces of evidence. However, because the Court will construe the Motion as a motion to dismiss, the Court does not consider these documents except as noted below.

## II. Standard of Review

Defendants' Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. (*See* ECF No. 13-1.) Motions styled in this manner implicate a court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). However, such conversion is generally "not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985)). The Court has determined in its discretion to evaluate Defendants' Motion pursuant to Rule 12(b)(6).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure

2

12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). In reviewing the pending Motion, the Court is mindful that Basnueva is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Discussion

Defendants seek the dismissal of Basnueva's Complaint on various bases: (1) Basnueva's failure to exhaust administrative remedies; (2) Basnueva failure to state a claim for use of excessive force; (3) there is no respondeat superior liability; (4) qualified immunity precludes liability; and (5) Defendants are entitled to dismissal of official capacity claims based on Eleventh Amendment immunity. (*See generally* ECF No. 13-1.)

#### A. Exhaustion of Administrative Remedies

Defendants assert that Basnueva's Complaint should be dismissed because he failed to exhaust the required grievance process. (ECF No. 13-1 at 13–16.) If Basnueva's claims were not properly presented through the Administrative Remedy Procedure ("ARP"), they must be

3

dismissed pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). The Court may dismiss a claim on this ground only if "the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face." *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

Defendants assert that Basnueva's excessive force claim is unexhausted because he filed his ARP complaint pertaining to the use of force 70 days after the May 16, 2022 incident, rather than within the requisite 30 day time period. (ECF No. 13-1 at 16; ECF No. 13-10 at 11–12); *see also* Md. Code Regs. 12.02.28.09(B) (explaining that the ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later). The Court will not dismiss his claim on this basis.

Although the PLRA requires the prisoner to exhaust available remedies, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725. Critically, the Fourth Circuit has held that "when there is an Intelligence and Investigative Division [("IID")] investigation into an officer's use of force, Maryland's scheme for administrative remedies is unavailable." *Younger v. Crowder*, 79 F.4th 373, 381 (4th Cir. 2023). Records provided by the Defendants[2] show that IID

---

[2] The Court will consider these documents, because they are integral to the Complaint—as Basnueva references the exhaustion of his administrative remedies in his Complaint—and their authenticity is not disputed. *See Goines v.*

was notified by the Department of Public Safety and Correctional Services ("DPSCS") on May 16, 2022, that the use of force investigation pertained to both Housing Units 1 and 2, and there was video surveillance that was captured and archived. (ECF No. 13-3 at 6–7.) Further, the July 25, 2022 ARP is stamped as "procedurally dismissed" because the "the subject matter of your Request is under investigation by" IID and "no further action will be taken" under ARP. (ECF No. 13-10 at 11); *see also Crowder*, 79 F.4th 380 ("Under Maryland law, an inmate cannot successfully file an administrative grievance over an event that is the subject of an Intelligence and Investigative Division investigation. If they do, that grievance will automatically be dismissed as procedurally deficient.").

Therefore, the Court will not dismiss Basnueva's claims for his failure to exhaust administrative remedies. *See Sheppard v. Parson*, Civ. No. PX-21-1342, 2024 WL 943436, at *3 (D. Md. Mar. 4, 2024) ("Because [plaintiff's] ARP was procedurally dismissed while the IID investigation was pending, administrative remedies were unavailable to him. The Court will not grant judgment in Defendants' favor on exhaustion grounds.").

### B. Excessive Use of Force

Defendants also assert that Basnueva's Complaint should be dismissed because he fails to state a claim for excessive use of force. (ECF No. 13-1 at 17–20.) The Eighth Amendment to the United States Constitution proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia*, 428

---

*Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *see also King v. Nines*, Civ. No. DLB-21-1627, 2022 WL 4368150, at *4 (D. Md. Sept. 21, 2022) (explaining that "[b]ecause the [ARP] appeal and administrative dismissal are relied on in the complaint, integral to it, and the authenticity of the ARP appeal and dismissal order is not disputed, the Court may consider them in resolving [the defendant's] motion without converting it into a summary judgment motion").

U.S. 153, 173 (1976); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). Generally, the amendment protects inmates against "inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see also Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (citation omitted). This includes protection against the use of excessive force.

To establish an Eighth Amendment violation, an inmate must establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams*, 77 F.3d at 761. On the subjective element, an inmate must show that the guards used force "maliciously or sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In assessing this element, a court should consider "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat;" and "(4) any efforts made to temper the severity of a forceful response." *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (citation omitted). As for the objective level of harm, a party asserting an Eighth Amendment excessive force claim must demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 37 (quoting *Hudson*, 503 U.S. at 9).

Basnueva alleges that he was "punched in his face" by Sgt. Mallow, apparently after being "held in a position" "that tore a muscle." (ECF No. 1 at 2–3.) This is sufficient to allege an Eighth Amendment claim at this stage of the litigation; whether the alleged use of force was justified is a question for a later stage of this case. Although Defendants offer evidence in support of their

6

argument that they did not use excessive force, the Court does not consider this evidence, given that it construes the pending Motion under Rule 12(b)(6).³

### C. Respondeat Superior Liability

Defendants assert that they cannot be held liable because there is no respondeat superior liability. (ECF No. 13-1 at 20–21.) In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

It is not clear why Defendants make this argument, as Basnueva clearly pleads that Defendants Smith, Raley, and Mallow personally acted to cause him injury, and the Court already dismissed Defendants Warden Jeffrey Nines and Chief of Security Ronald Stotter. (*See* ECF No. 7 at 2.)

### D. Qualified Immunity

Defendants assert in a cursory manner that they are entitled to qualified immunity from liability because they did not violate Basnueva's constitutional rights. (ECF No. 13-1 at 21–23.) They argue that their conduct was justified and they did not cause Basnueva to suffer a broken jaw. (*Id.* at 22–23.) Under qualified immunity, "a corrections officer who 'has violated a prisoner's constitutional right' is 'shielded from liability . . . if an objectively reasonable officer could have believed that his actions were lawful in light of clearly established law." *Dean v. Jones*, 984 F.3d 295, 309-310 (4th Cir. 2021) (citations omitted).

---

³ The Court notes that Defendants label this portion of their brief "Plaintiff Failed to State a Claim for Use of Excessive Force" but then cite to documentary evidence attached to their Motion. (*See* ECF No. 13-1 at 17.) This conflates the Rule 12(b)(6) and Rule 56 standards.

The constitutional right to be free from unnecessary use of force while restrained or not resisting was clearly established before the events in question occurred in May 2022. *See Whitley*, 475 U.S. at 319 (holding that the Eighth Amendment forbids the unnecessary and wanton infliction of pain on a prisoner); *Hudson*, 503 U.S. at 9–10 (holding that correctional officers violated the Eighth Amendment when they beat an inmate while he was handcuffed and shackled, even though injuries, which included bruises, swelling and loosened teeth, were "minor" and did not require medical attention). Further, Defendants' arguments that they did not violate Basnueva's constitutional rights because they "escorted [him] in a reasonable way" and that one Defendant "merely took photographs" of Basnueva are factual disputes not properly resolved in considering a motion to dismiss. The Court will therefore deny the Motion on the issue of qualified immunity.

### E. Eleventh Amendment Immunity

Defendants also assert that they are entitled to immunity from official capacity claims under the Eleventh Amendment. (ECF No. 13-1 at 12–13.) Basnueva does not specifically state whether he brings his claims against Defendants in their individual or official capacity, or both, and Defendants do not address this issue in their briefing.

"When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). As the Fourth Circuit has explained that in determining whether suit has been brought personally:

> One factor indicating that suit has been filed in such a manner might be the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint. Another indication that suit has been brought against a state actor personally may be a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits. The nature of any defenses raised in response to the complaint is an additional relevant factor.

8

> Because qualified immunity is available only in a personal capacity suit, the assertion of that defense indicates that the defendant interpreted the plaintiff's action as being against him personally. Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly.

*Id.* Basnueva does not allege that the defendants' actions were the policy or practice of the State or their agencies, and he seeks compensatory and punitive damages. Therefore, the Court finds that Basnueva brings suit against the Defendants in their personal capacities.

Further, to the extent Basnueva brings suit against the Defendants in their official capacities "[t]he Eleventh Amendment does not bar suits seeking prospective injunctive relief, as long as such relief would not impose monetary liability." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020). Basnueva also sought injunctive relief against the Defendants, and this would not be barred by Eleventh Amendment immunity. Defendants do not address the fact that Basnueva also seeks injunctive relief in their briefing.

Based on the foregoing, the Court concludes that Basnueva's claims cannot be dismissed on the basis of Eleventh Amendment immunity.

## IV. Conclusion

Defendants' Motion will be denied and Defendants will be directed to file an answer. A separate Order follows.

Dated this ___7___ day of August, 2024.

FOR THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge

9